IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CHICAGO MEAT AUTHORITY, INC.<br><br>    Defendant. | Civil Action No. 18-cv-1357<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to five Charging Parties and a class of African Americans who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12 through 15 below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Chicago Meat Authority, Inc. ("CMA") has engaged in discrimination against a class of African Americans by failing or refusing to recruit and/or hire them because of their race. In addition, the Commission contends that CMA utilizes recruitment and hiring practices which have a disparate impact on African Americans. The Commission also contends that CMA subjected Charing Parties and a class of African American employees to a racially hostile work environment. Additionally, the Commission contends that CMA terminated

1

Charging Party Angelo Turner based on his race, African American, and in retaliation for complaining of race harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, in the Eastern Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a corporation doing business in Illinois.

5. At all relevant times, Defendant has had at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Angelo Turner, Clarence Milton, Curtis Dowdell, Jarrod Reddix, and Michael Austin each filed a Charge of

Discrimination with the Commission alleging that Defendant violated Title VII by subjecting them to race discrimination. Turner also alleged that his termination was retaliatory.

8. On July 25, 2017, the EEOC issued to Defendant letters of determination finding that there is reasonable cause to believe that Defendant discriminated against Charging Parties and a class of African American employees by subjecting them to racial harassment. EEOC also found that there was reasonable cause to believe that Defendant discharged Angelo Turner based on his race, African American, and in retaliation for engaging in protected activity. The Commission further found reasonable cause to believe that Defendant discriminated against a class of African Americans by failing or refusing to recruit or hire them based on their race. EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

10. Thereafter, the EEOC determined that it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC, and on September 27, 2017, issued to Defendant a notice of failure of conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

12. Since at least 2012, Defendant has engaged in unlawful employment practices in violation of Section 703(a) (1) and (2) of Title VII, 42U.S.C. § 2000e-2(a) (1) and (2). These practices include, but are not limited to:

    a) failing or refusing to hire African Americans, because of their race; and

    b) failing or refusing to recruit African Americans because of their race.

13. Since at least 2012, Defendant has utilized hiring and recruitment practices that cause a disparate impact on the basis of race. These practices include, but are not limited to, disproportionately: (a) relying on employee referrals; and (b) advertising on Spanish-language radio stations.

14. On or about January 14, 2013, Defendant terminated Charging Party Angelo Turner based on his race and in retaliation for engaging in protected activity.

15. Since at least 2012, Defendant has engaged in race discrimination against Charging Parties and a class of African-American employees by subjecting them to a hostile work environment based on their race, including, but not limited to, frequent racial epithets, slurs, and other offensive comments based on race. Defendant failed to take prompt and effective action to remedy the harassment, about which Defendant knew or should have known either because of employee complaints or because of its open and widespread nature (or both).

16. The effect of the practices complained of in paragraphs 12 through 15 above has been to deprive the Charging Parties and a class of African Americans of equal employment opportunities and otherwise adversely affect their status of employees or applicants because of their race and as to Charging Party Turner because of his protected activity.

17. The unlawful employment practices complained of above in paragraphs 12, 14, and 15 were intentional.

18. The unlawful employment practices complained of in paragraphs 12, 14, and 15 were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of African Americans.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of race;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race and regardless of protected activity under Title VII, and which eradicate the effects of its past and present unlawful practices;

D. Order Defendant to make whole a class of African Americans, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful place hiring of a class of African Americans and reinstatement or front pay in lieu of reinstatement for Turner;

E. Order Defendant to make the Charging Parties and class members whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date:   February 22, 2018			Respectfully submitted,


			JAMES L. LEE
			Deputy General Counsel

			GWENDOLYN YOUNG REAMS
			Associate General Counsel

			U.S. Equal Employment Opportunity Commission
			131 M. Street, N.E.
			Washington, D.C. 20507


			GREGORY M. GOCHANOUR
			Regional Attorney

			Deborah L. Hamilton
			Supervisory Trial Attorney

			 s/ Laurie S. Elkin
			Laurie S. Elkin
			Trial Attorney

			s/ Laura R. Feldman
			Laura R. Feldman
			Trial Attorney

			U.S. Equal Employment Opportunity Commission
			Chicago District Office
			500 West Madison Street, Suite 2000
			Chicago, Illinois 60661
			(312) 869-8107